

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. 0-2779
Re: Non-liability of county under
    facts stated.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"A few weeks ago a truck was wrecked in Liberty County and a claim has been made against the county for damages.

"The following facts prevail in the case:

"The Commissioner of Precinct No. 4 appointed one of his workmen on a certain morning to take a crew of men and to go to a certain bridge to make repairs. The Commissioner instructed his man in charge of the crew to go to the Precinct barn and there to get a truck in which to haul the crew to the broken bridge.

"Upon arriving at the precinct barn the foreman found that the barn was locked; and he than asked one of the workers in his crew if he would take his own personal pick-up truck and haul the crew to the jobsite. The employee agreed that he would use his personal truck, and on the way to the broken bridge, a car overtook the truck as the truck was about to turn off the main road, and there being no brakes on the car it bumped into the rear end of the pick-up truck and turned it over. The owner of the pick-up truck declares that he gave a signal that he was about to turn.

"Now the owner of the pick-up, an employee of the county, after having his car wrecked has filed a claim with the county for damages incurred in having his truck repaired--he having been asked by the foreman to use his truck in transporting the bridge crew to the job.

"Will you please advise whether the foreman had
been given power as agent to contract for the use
of the truck which was wrecked; and whether the
county is liable for damages incurred as the
result of the wreck of said truck."

We quote from 11 Texas Jurisprudence, pages 563, 564, 565, 632, 633, 634,
635 and 636, as follows:

"Counties, being component parts of the State,
have no powers or duties except those which are
clearly set forth and defined in the constitution
and statutes. The statutes have clearly defined
the powers, presecribed the duties, and imposed
the liabilities of the commissioners' courts, the
medium through which the different counties act,
and from those statutes must come all the
authority vested in the counties. . ."

". . . Commissioners' courts are courts of limited
jurisdiction in that their authority extends only
to matters pertaining to the general welfare of
their respective counties and that their powers
are only those expressly or impliedly conferred
upon them by law, - that is, by the constitution
and statutes of the State . . ."

"The authority of the commissioners' court as the
governing body of a county to make contracts in
its behalf is strictly limited to that conferred
either expressly or by fair or necessary implication
by the constitution and laws of the state. . . ."

"A contract or agreement made by a county is valid
and binding only if made under the authority of
a resolution or order duly passed at a meeting of
the commissioners' court and entered upon the
minutes of such meeting. If, in a suit involving
an alleged contract, the petition fails to aver
that an order was passed by the commissioners'
court embodying the terms of the contract, the
pleading is subject to a general demurrer. No
rights can be acquired as against the county by
agreements with the individuals composing the
commissioners' court. The members of the court
are not agents with general authority to bind the
public; they are public officials who have been
granted certain powers which must be exercised in
the way prescribed by the statute.

"The burden of proving, that an order was passed by the commissioners' court rests upon a plaintiff claiming rights thereunder.

"If the minutes fail to state the true agreement the proper method of amending the minutes is by a motion made in the commissioners' court and not by allegation and proof in another tribunal in which a litigation concerning the order may have arisen."

The commissioners' court, in entering into a contract on behalf of the county, may act through an agent appointed by it; and the contract thus made by a duly appointed agent is binding upon the county. In a suit involving the contract it is necessary to show that the agreement is one which the agent was authorized to make, or that the county, with knowledge of the terms of the agreement, ratified it after it was made.

"Authority to bind the county by contract must come from the commissioners' court acting as a body; it is not sufficient that the individual commissioners may have refrained from objecting to the assumption of such authority by the alleged agent. It is not necessary, however, that authority be shown by an order actually entered on the minutes; the fact that an order was made may be shown by parol.

"County officers, by virtue of their office, are not agents empowered to contract on behalf of the county; and when they assume to do so, no recovery can be had against the county upon the contract or for the value of the goods in the absence of ratification by the commissioners' court."

Under the facts stated above we are unable to perceive any theory upon which the county could be held liable for the wreck above described. You are therefore respectfully advised that it is the opinion of this department that the county is not liable under the facts stated.

Yours very truly

APPROVED OCT. 26, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

s/ Wm. J. Fanning

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN

By
    Wm. J. Fanning
       Assistant

WJF:GO/ldw